IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

BRENT A. ROWAN, )
 )
    Plaintiff, ) No. 14-2252-JDT-cgc
 )
VS. )
 )
TMHCA, )
 )
    Defendant. )

ORDER ADOPTING REPORT AND RECOMMENDATION FOR DISMISSAL,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On April 4, 2014, Plaintiff Brent A. Rowan, a resident of Memphis, Tennessee, filed a *pro se* civil complaint on the form used for commencing an action pursuant to 42 U.S.C. § 1983, accompanied by a motion for leave to proceed *in forma pauperis*. (Docket Entries 1 & 2.) The Clerk shall record the Defendant as the Tennessee Mental Health Consumers' Association ("TMHCA").[1] On June 3, 2014, United States Magistrate Judge Charmiane G. Claxton[2] issued an order granting leave to proceed *in forma pauperis* and a Report and Recommendation ("R&R") in which she recommended the case be dismissed *sua sponte*

---

[1] Although Plaintiff uses "et al." in the complaint, it is unclear whether he intends to sue any other individuals or entities.

[2] In accordance with Administrative Order 2013-05, the assigned U.S. Magistrate Judge is responsible for case management and handling of all pretrial matters by determination or by report and recommendation, as appropriate.

pursuant to 28 U.S.C. § 1915(e)(2)(B). (D.E. 4.) Objections to the R&R were due within fourteen days. However, Plaintiff has filed no objections.

Plaintiff alleges that while he was a resident at the Beers-Van Gogh Center for Excellence,[3] he complained about the noise created by tenants and non-residents purposely slamming doors. The noise allegedly "triggered" him and caused him mental anguish. He then moved to a different room. He states, "I was harassed so I will not rent on the property." (D.E. 1 at 2.) He asks the Court to order the Bureau of Tenncare to investigate his complaints of discrimination. He also asks the Court to review his treatment plan at Beers-Van Gogh, to review a new treatment plan issued by the TMHCA, and to "review the specific letter set forth for residents." (*Id.* at 3.)

Magistrate Judge Claxton has recommended the complaint be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim on which relief may be granted. Specifically, Magistrate Judge Claxton found that Plaintiff has failed to alleged how the Defendants acted under color of state law or how the Defendants violated his rights under the Constitution and laws of the United States.[4] Having reviewed the complaint and the law, the Court agrees with that recommendation. The issuance of a more detailed written opinion is unnecessary. Therefore, the Court ADOPTS

---

[3] The Beers-Van Gogh Center is owned and operated by the TMHCA. *See* www.tmhca-tn.org/about/.

[4] The TMHCA is a private, non-profit organization. *See* www.tmhca-tn.org/about/. In general, purely private parties are not subject to liability under 42 U.S.C. § 1983. *See Brotherton v. Cleveland*, 173 F.3d 552, 567 (6th Cir. 1999).

the R&R and hereby DISMISSES this case for failure to state a claim on which relief may be granted, pursuant to § 1915(e)(2)(B)(ii).

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, he may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[5]

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[5] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this Court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless he is specifically instructed to do so, Plaintiff should not send to this Court copies of documents and motions intended for filing in the Sixth Circuit.